UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| PAULA WILLIAMS | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. |
| | ) | 5:18-cv-530-JMH-MAS |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| MIDLAND FUNDING, LLC and | ) | **AND ORDER** |
| MIDLAND CREDIT MANAGEMENT, | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

\*\*\*

## I. INTRODUCTION

This matter is before the Court upon Midland Funding, LLC, and Midland Credit Management, Inc.'s (collectively, "Midland") motion for summary judgment [DE 17] and Plaintiff Paula Williams' motions to withdraw counsel and dismiss the matter without prejudice. [DE 23]. The Court having reviewed the motions, the time for Williams to file a response to Midland's motion for summary judgment having lapsed, and the Court being otherwise sufficiently advised, this matter is ripe for review.

## II. FACTS AND PROCEDURE

Plaintiff Paula Williams filed a complaint in this Court on September 13, 2018, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. [DE 1]. Midland answered

1

[DE 5] on October 8, 2018, and the matter proceeded through discovery. On July 29, 2019, Midland filed a motion for summary judgment on all of Williams' claims [DE 17]. Pursuant to LR 7.1, Williams had 21 days to respond. A day after the response deadline passed, Williams' counsel moved unopposed for an extension of time to respond [DE 21]. This Court granted Williams' motion for an extension and ordered that she respond to Midland's motion for summary judgment by August 28, 2019. [DE 22 at 2, PageID #531].

Instead of responding to Midland's motion, on August 28, 2019, counsel for Williams filed a motion to dismiss and withdraw counsel. [DE 23]. Counsel claim they have not been able to reach Williams "despite their diligent and best efforts over the past month." [DE 23 at 1, PageID #532]. For the first time during this litigation, counsel state that Williams' phone must be disconnected, that she has not answered text messages, that emails were returned as undeliverable, and mail was forwarded to an unknown address without any response. [*Id.*]. The attached letter from counsel to Williams, however, was delivered to a forwarded address just five days before they filed the motion at issue. [DE 23-1 at 2-4, PageID #538]. At no point does the letter mention the potential dismissal of her case or her attorneys' desire to withdraw. [*Id.*].

## III. DISCUSSION

**A.  Williams' Motion to Dismiss**

Once a motion for summary judgment has been filed, this Court may not grant a voluntary motion to dismiss unless the plaintiff requests it and the Court finds the terms of dismissal to be proper. Fed. R. Civ. P. 41(a)(2). Whether dismissal should be granted is within the sound discretion of the district court. *Banque de Depots v. Nat'l Bank of Detroit*, 491 F. 2d 753, 757 (6th Cir. 1974). If a defendant will suffer plain legal prejudice as a result of the dismissal, the district court should deny the motion to dismiss. *Grover by Grover v. Eli Lilly and Co.*, 33 F. 3d 716, 718 (6th Cir. 1994). To determine if legal prejudice would result, the Court should consider the defendant's efforts and expenses in preparation for trial, excessive delay and lack of diligence in the plaintiff's prosecution of the case, an insufficient explanation for the need for dismissal, and whether the defendant has filed a motion for summary judgment. *Id*. (citing *Kovalic v. DEC Int'l, Inc.*, 855 F. 2d 471, 473 (7th Cir. 1988)).

The Court has no indication that Williams requested to dismiss this matter. Counsel for Williams claims she has been unreachable for at least a month, and there is no indication that counsel considered dismissal or consulted with her about it before filing their motion on August 28, 2019. As of August 20, 2019, counsel

planned instead to respond to Midland's motion for summary judgment.

Additionally, Midland has incurred significant expense to defend the ongoing litigation, which has consisted of multiple delays and has lacked diligent prosecution. [*See* DE 24 at 7, PageID #549]. Moreover, a motion for summary judgment has been pending in the case for a month. Considering the facts stated above and the timeline of this matter, this Court is not persuaded by the explanation for need of dismissal of this action without prejudice. Thus, pursuant to Fed. R. Civ. P. 41(a)(2), this Court denies Williams' Motion to Dismiss Without Prejudice.

**B.   Motion to Withdraw Counsel**

District courts have broad discretion to determine whether and under what terms to allow an attorney to withdraw as counsel of record. *McGraw-Hill Global Education, LLC v. Griffin*, 2015 WL 9165965, at *1 (W.D. Ky. 2015) (citing *Brandon v. Blech Counsel*, 560 F. 3d 536, 537 (6th Cir. 2009)). Courts in the Sixth Circuit follow applicable local rules and the Model Rules of Professional Conduct to guide those determinations. *Brandon*, 560 F. 3d at 538. Under the Eastern District of Kentucky's local rules, counsel may withdraw from a case only if:

> (a) The attorney files a motion, his or her client consents in writing, and another attorney enters his or her appearance; or (b) The attorney files a motion,

> certifies the motion was served on the client, makes a showing of good cause, and the Court consents to the withdrawal on whatever terms the Court chooses to impose.

LR 83.6. The Model Rules of Professional Conduct suggest that the client must be given reasonable warning that the lawyer will withdraw if obligations are not fulfilled. *Brandon*, 560 F. 3d at 538 (citing Model Rules of Prof'l Conduct r. 1.16(b)(Am. Bar Ass'n 2000)). Attorneys may forfeit the opportunity to withdraw "when they engage in strategically timed" tactics while deadlines are pending and with no notice to the client. *Id.*

Williams' attorneys have provided no indication that they gave her notice of their intention to withdraw due to her lack of response. In the last letter they sent her on August 23, 2019, [DE 23-1 at 2, PageID #536], counsel only explained that her cooperation was necessary and asked that she respond immediately. Pursuant to LR 83.6 and the Model Rules of Professional Conduct, this Court denies counsel of record's motion to w ithdraw.

C. **Midland's Motion for Summary Judgment**

By failing to timely respond to Defendant Midland's motion for summary judgment, Williams waives opposition to the motion. *See Humphrey v. U.S. Att'y Gens. Office*, 29 F. App'x 328, 331 (6th Cir. 2008); *Resnick v. Patton*, 258 F. App'x 789, 790-91 n.1 (6th Cir. 1989); *Walker v. Jones*, No. 09-cv-393-GFVT, 2010 WL 1838969, at *1 (E.D. Ky. May 5, 2010). Williams' lack of response is grounds

for this Court to grant the motion under local rules. *See* LR 7.1(c).

Midland moved under Fed. R. Civ. P. 56 for summary judgment on all of Williams' claims. [DE 17]. Williams claimed that Midland (1) misrepresented the amount of the judgment to credit reporting agencies, (2) that it continued to report a balance on the account after the judgment, (3) that it misrepresented the status of the debt after the judgment, and that (4) it attempted to collect additional fees from Williams. [DE 1 at 5, PageID #5].

Midland addressed each of these arguments in its motion. First, Midland explains that a $15 garnishment fee was added to the debt and reported according to industry guidelines. [DE 17-1 at 4, PageID #89]. Next, Midland explains that the debt collection statutes at issue in this matter do not require debts on which a creditor has obtained judgment to be omitted from a credit report. [*Id*. at 9, PageID #94]. Midland's contractual right to credit report Williams' debt did not disappear when the judgment was entered, and, Midland points out, it would be inaccurate for Midland to credit report that Williams owed nothing. *Id*. at 13, PageID #98]. Finally, Midland explains its choice to report the account as "open" under the guidelines it is required to follow. [*Id*. at 18, PageID #103]. For these reasons, Midland claims there

is no genuine issue of material fact and it is entitled to judgment as a matter of law. [*Id*. at 24, PageID #109].

Williams has not responded to Midland's motion, even after she was granted an extension to do so. As such, Williams has waived any objection to Midland's argument. *Humphrey*, 29 F. App'x at 331. Thus, the Court having reviewed the motion and being otherwise sufficiently advised,

**IT IS ORDERED** as follows:

(1) Plaintiff Paula Williams' motion to dismiss is **DENIED**;

(2) Counsel for Plaintiff Paula Williams' motion to withdraw is **DENIED**;

(3) Defendants Midland Funding, LLC and Midland Credit Management, Inc.'s motion for summary judgment [DE 17] is hereby **GRANTED**;

(4) Claims against Defendants Midland Funding, LLC, and Midland Credit Management, Inc., are hereby **DISMISSED WITH PREJUDICE**; and

(5) Defendants Midland Funding, LLC, and Midland Credit Management, Inc., are hereby **DISMISSED** as parties to this action.

This the 4th day of September, 2019.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

7